UNITED STATES of America ex rel. Edward GRABOUSKY

v.

David N. MYERS, Superintendent State Correctional Institution, Graterford, Pennsylvania.

No. M–2735.

United States District Court
E. D. Pennsylvania.
May 25, 1964.

Edward Grabousky in pro per.

WOOD, District Judge.

Petitioner seeks his release from State custody because at the time of his arraignment on January 17, 1958, on charges of prison breach and burglary, he pleaded guilty without the assistance of counsel.

He candidly admits that he has not exhausted his available State remedies, but requests this Court to assume jurisdiction of his application because he is unable to obtain relief in the State Courts of Pennsylvania. Petitioner cites United States ex rel. Auld v. Warden, 187 F.2d 615 (3 Cir. 1951), as authority for this proposition. Auld does state that "extraordinary circumstances of peculiar urgency" could exist which would support a Federal Court's assumption of jurisdiction despite the nonexhaustion of State remedies. However, in Auld the petitioner was under a death sentence *and the remedy of habeas corpus was not available to him under New Jersey law.* These two circumstances prompted the Federal Court to reach the merits of his petition.

Petitioner does not state any "exceptional circumstances of peculiar urgency" which compel this Court to consider the merits of his application. His bare claim that the appellate courts of Pennsylvania will reaffirm the denial of the lower tribunal is not sufficient reason for this Court to intrude into the orderly processes of the State Courts.

### ORDER

And now, this 25th day of May, 1964, the petition for a writ of habeas corpus is dismissed without prejudice.